# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

AL GENE FISHER,

        Plaintiff,

vs.

T. FELKER, *et al.*,

        Defendants.

Case No. 2:07-cv-02271-PMP-GWF

**ORDER**

First Amended Complaint (Dkt. #13)

    This matter is before the Court on Plaintiff's First Amended Complaint (Dkt. #13), filed on May 12, 2008.

## BACKGROUND

    On October 24, 2007, Plaintiff filed his Complaint (Dkt. #1), which was dismissed with leave to amend upon the ground that the Complaint (Dkt. #1) violated Fed. R. Civ. P. 8(a). (*See* Dkt. #10). The Court found that it was "required to guess who is being sued for what. Plaintiff frequently refers to harms done to him without naming the responsible defendants, and frequently refers to 'staff' rather than specifically named defendants." (*Id.*) As a result, Plaintiff was given leave to file an amended complaint. (*Id.*)

    As a general rule, an amended complaint supersedes the prior pleading, the latter being treated as non-existent. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Additionally, Local Rule 15-220 requires that an amended complaint must be complete in itself without reference to any prior pleading. Once the amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff filed his First Amended Complaint (Dkt. #13) in

response to the Court's dismissal with leave to amend. (Dkt. #10). The Court will now proceed with the screening of the Plaintiff's First Amended Complaint (Dkt. #13) pursuant to 28 U.S.C. §1915A.

In his First Amended Complaint (Dkt. #13), Plaintiff alleges that on January 10, 2007, Defendant F. Shelton violated Plaintiff's Fourth Amendment right to privacy by not notifying Plaintiff that a "female officer" was about to conduct a search of his prison cell. Plaintiff further alleges that Defendant Shelton violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by allowing and witnessing excessive force and assaults upon Plaintiff. On January 10, 2007, Plaintiff alleges that Defendants G. Robertson, Terry Savage, R. Plainer, A. Amero, Smith and Richardson violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by assaulting, using excessive force, spitting, threatening, and verbally assaulting Plaintiff. Plaintiff alleges that he is an American with Disabilities Act ("ADA") inmate with a mobility impaired sign on his cell door. Plaintiff alleges that on April 15, 2007, Defendant W. Hanks violated Plaintiff's Eighth Amendment right by assaulting Plaintiff. Plaintiff alleges that Defendant R.K. Wong violated Plaintiff's Fourteenth Amendment right to due process by granting an "R.V.R. 115 for 'attempted battery on a peace officer.'" Furthermore, Plaintiff alleges that Defendant Wong violated Plaintiff's First Amendment rights by refusing to investigate an officer's misconduct. Plaintiff alleges that Defendant D. Jackson violated Plaintiff's Fourteenth Amendment right by continuously denying Plaintiff's staff misconduct complaints. Plaintiff alleges that Defendant N. Grannis violated Plaintiff's Fourteenth Amendment rights by both denying Plaintiff's right to appeal actions and allowing employees of the prison to deny Plaintiff's right to appeal. Plaintiff alleges that Defendant S.M. Roche violated Plaintiff's Eighth Amendment right by allowing Defendant Roche's staff to neglect Plaintiff's medical complaints and injuries. Plaintiff alleges that Defendant T. Felker deliberately showed indifference and attempted to mislead Plaintiff's family when Defendant Felker refused to do anything regarding the abuses that Plaintiff suffered.

## DISCUSSION

### I. Fourth Amendment

The Supreme Court has held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the

Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194, 3200 (1984); *Somers v. Thurman*, 109 F.3d 614, 617 (9th Cir. 1997). Therefore, Plaintiff's allegation that Defendant Shelton violated Plaintiff's right to privacy by not notifying Plaintiff that a "female officer" was about to conduct a search of his prison cell does not constitute a cognizable claim for relief under the Fourth Amendment.

**II. Eighth Amendment**

    **A. Infliction of Pain**

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment ..." *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)) (citation, alteration and internal quotation marks omitted). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's needs. *Toguchi* at 1057.

"Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. After incarceration, only the 'unnecessary and wanton infliction of pain,' ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290 (1976)). A prison guard's unjustified striking, beating, or infliction of bodily harm on an inmate violates the Eighth Amendment when it "evince[s] such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. 312 at 321, 106 S.Ct. at 1085. The Ninth Circuit has held that "[p]rison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry." *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979)). The authorization ends when the force used in the action is so excessive as to violate a prisoner's constitutional rights. *See Whitley*, 475 U.S. 312 at 321-22, 106 S.Ct. at 1085 (finding actions taken that a guard could not plausibly have thought necessary are actionable).

. . .

In *Whitley*, the Supreme Court stated that the following standards apply in evaluating an excessive use of physical force claim under the Eighth Amendment:

> Where a prison security measure is undertaken to resolve a disturbance ... that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." "[S]uch factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted," are relevant to that ultimate determination.

475 U.S. at 320-21, 106 S.Ct. at 1085, quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973).

After reviewing Plaintiff's First Amended Complaint (Dkt. #13), the Court finds Plaintiff's factual allegations are sufficient for Plaintiff to state several claims for violation of his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, the Court finds the following allegations provide sufficient basis for Plaintiff to raise Eighth Amendment claims: (1) Defendant Shelton allowed and witnessed excessive force and assaults against Plaintiff; (2) Defendant Robertson used excessive force against Plaintiff by slamming him against the wall face first, hurting his teeth, nose, and mouth; (3) Defendant Savage used excessive force against Plaintiff by slamming him against the wall and pulling his arms and hands over his head hurting his back, shoulders, arms, and hands; (4) Defendant Plainer showed deliberate indifference by threatening Plaintiff's life and locking Plaintiff in a small cage without the use of the toilet for eight hours; and (5) Defendant Hanks physically assaulted Plaintiff by choking him.

The Court finds, however, that Plaintiff's allegations that Defendant Amero spit on Plaintiff and threatened Plaintiff with physical harm while Plaintiff was in a cage, and that Defendants Smith and Richardson physically assaulted and spit on Plaintiff do not allege facts sufficient to state a claim for violation of Plaintiff's Eighth Amendment rights. The Court will allow Plaintiff to amend his complaint against Defendants Amero, Richardson and Smith to allege facts showing a violation of the Eighth Amendment, if Plaintiff is able to do so.

**B.     Medical Needs**

A deprivation of a plaintiff's Eighth Amendment right may also occur when prison officials are deliberately indifferent to a prisoner's medical needs. *See Estelle*, 429 U.S. at 104, 97 S.Ct. at 285. A

prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Under the Eighth Amendment, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Id.* (quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)) (citation omitted). First there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

Pursuant to a "deliberate indifference" analysis, the Court views whether "the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson*, 290 F.3d at 1187. "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.*, *citing* to *Hallet*, 296 F.3d at 744 ("Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted)). After viewing Plaintiff's First Amended Complaint (Dkt. #13), the Court finds that Plaintiff fails to allege facts sufficient to state a claim for relief under the Eighth Amendment's two-part test. *Toguchi*, 391 F.3d at 1057. Plaintiff has not demonstrated that Defendant Roche deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Additionally, Plaintiff has not demonstrated that Defendant Roche "acted with deliberate indifference in doing so." *Id.* Plaintiff's allegation that Defendant Roche allowed his staff to neglect Plaintiff's medical complaints and injuries does not constitute cruel and unusual punishment under the Eighth Amendment. Thus, the Court finds that Defendant Roche's

alleged actions cannot constitute deliberate indifference. *See Gibson*, 290 F.3d at 1187.

### III.     Fourteenth Amendment

To state a claim for the deprivation of procedural due process, Plaintiff must allege the deprivation of a specific liberty interest, which may arise independently under the due process clause or as freedom from state deprivation or restraint imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," without procedures adequate to protect the interest. *Sandin v. Connor*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 2299-2300 (1995). Here, the Court finds that Plaintiff's allegations that Defendant Wong granted an "R.V.R. 115 for 'attempted battery on a peace officer'" are insufficient to state a claim under the Fourteenth Amendment.

In *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983), the Supreme Court held that "a State creates a protected liberty by placing substantive limitations on official discretion." The Supreme Court has also held that to claim a constitutional right, the individual must have "a legitimate claim of entitlement to it." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2140, 60 L.Ed.2d 668 (1979). There is no legitimate claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982); *Azeez v. DeRobertis*, 568 F.Supp. 8, 11 (N.D. Ill. 1982). After viewing Plaintiff's First Amended Complaint (Dkt. #13), the Court finds that Plaintiff's allegations that Defendants Jackson and Grannis violated Plaintiff's Fourteenth Amendment right by denying to process staff misconduct complaints and appeals do not constitute a cognizable claim for relief.

### IV.     Other Defendants

42 U.S.C. § 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United States of a constitutional right. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Absent some particular participation in an alleged constitutional violation, supervisors are not subject to liability under § 1983. Thus, to state a claim against a supervisor who did

not personally inflict the injury alleged, Plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002). Here, after viewing Plaintiff's First Amended Complaint (Dkt. #13), the Court finds that Plaintiff's allegations that (1) Defendant Felker was deliberately indifferent to Plaintiff by refusing to remedy Plaintiff's abuses after being notified of the allegations by Plaintiff's mother; (2) Defendant Felker attempted to mislead Plaintiff's family by informing Plaintiff's mother that Plaintiff failed to name specific names, dates, times, or circumstances in regard to the January 10, 2007 incident; and (3) Defendant Felker refused to investigate an officer's conduct of writing a derogatory comment on Plaintiff's niece's Christmas card fail to sufficiently state a claim that Defendant Felker participated in an alleged constitutional violation. Therefore, Defendant Felker is not subject to liability under § 1983.

Additionally, Plaintiff makes no specific allegation against Defendant Leann Chrones. Plaintiff asserts that Defendant Chrones is the Director of the State of California and is legally responsible for the overall operation of High Desert State Prison. Given the absence of specific allegations against Defendant Chrones, Plaintiff fails to state a claim for relief under § 1983.

The screening of Plaintiff's First Amended Complaint (Dkt. #13) has been completed pursuant to 28 U.S.C. §1915A. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court file Plaintiff's First Amended Complaint (Dkt. #13).

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claims against Defendants Shelton, Robertson, Savage, Plainer and Hanks may proceed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide to Plaintiff a blank summons, a copy of the pleading filed May 12, 2008, five (5) USM-285 forms and instructions for service of process on Defendants Shelton, Robertson, Savage, Plainer and Hanks. Within 20 days of

service of this Order, Plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and five (5) copies of the endorsed May 12, 2008, complaint. The Court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Shelton, Robertson, Savage, Plainer and Hanks will be required to respond to Plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

**IT IS FURTHER ORDERED** that the First Amended Complaint (Dkt. #13) against Defendants Wong, Jackson, Grannis, Roche, Felker, Amero, Smith, Richardson and Chrones is **dismissed** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the entry of this Order to file his Second Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in a recommendation that this action against Defendants Wong, Jackson, Grannis, Roche, Felker, Amero, Smith, Richardson and Chrones be dismissed with prejudice.

DATED this 30th day of March, 2009.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**