# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

AL GENE FISHER,

                Plaintiff,        Case No. 2:07-cv-02271-PMP-GWF

vs.                                      **ORDER**

T. FELKER, *et al.*,

                Defendants.

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (#50), filed July 22, 2010, and Motion for Appointment of Counsel and Request for Postponement of Scheduled Deposition by Defense Pending Outcome of this Motion (#53), filed August 12, 2010.

**DISCUSSION**

**1.     Motion for Appointment of Counsel**

Plaintiff requests that the Court appoint counsel to represent him in this action as, assuming this case goes to trial, Plaintiff does not feel that he is equipped to present testimony or cross-examine witnesses. (#50). In the alternative, Plaintiff requests that the Court appoint counsel to at least represent him at his deposition on August 17, 2010. (#53).

This is not Plaintiff's first request for the Court to appoint an attorney to represent him in this case. (*See* #16, #24, #45). As the Court has previously explained to Plaintiff, there is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). A court may only designate counsel pursuant to 28 U.S.C. § 1915(d) in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court finds that Plaintiff has failed to demonstrate that exceptional circumstances exist in this action. While

Fisher is proceeding *in forma pauperis* in this case and has been unable to retain counsel, the motions and pleadings filed by Plaintiff demonstrate that Fisher has the ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Ivey*, 673 F.2d at 269; *Wilborn*, 789 F.2d at 1331. Plaintiff has already successfully demonstrated the potential meritoriousness of his claims as stated by the Court in the screening of Plaintiff's First Amended Complaint (#20) and the Court finds he is able to represent himself in this action.

    **2.    Motion for Postponement of Scheduled Deposition**

Fisher also requests that the Court postpone Defendants' taking of Plaintiff's deposition until the Court rules on Plaintiff's motion for appointment of counsel (#53). However, Plaintiff's request for a postponement was not filed with the Court until August 12, 2010, five days before the deposition at issue was scheduled to take place. (*Id.*) As such, the Court did not have sufficient time to consider the motion prior to the date the deposition was scheduled to take place. Plaintiff is advised to file time-sensitive motions far enough in advance of an event so that Defendants have an opportunity to respond and the Court has a chance to rule on the request before the date in question. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (#50) and Motion for Appointment of Counsel and Request for Postponement of Scheduled Deposition by Defense Pending Outcome of this Motion (#53) are **denied**.

DATED this 23rd day of August, 2010.

    */s/ George Foley Jr.*
    **GEORGE FOLEY, JR.**
    **UNITED STATES MAGISTRATE JUDGE**