1
2
3
4
5                       **UNITED STATES DISTRICT COURT**

6                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8   AL GENE FISHER,                          )
                                             )
9                          Plaintiff,        )      Case No. 2:07-cv-02271-PMP-GWF
                                             )
10  vs.                                      )      **ORDER**
                                             )
11  T. FELKER, *et al.*,                     )      Motion to Compel (#54)
                                             )
12                         Defendants.       )
                                             )
13  _____

14          This matter is before the Court on Plaintiff's Motion for an Order Compelling Discovery (#54),

15  filed August 19, 2010 and Defendants' Opposition to Motion for Order Compelling Discovery (#57),

16  filed September 14, 2010.

17                              **BACKGROUND**

18          Plaintiff Al Fisher alleges that on January 10, 2007 at High Desert State Prison ("HDSP") he

19  was using the toilet in his cell when a corrections officer initiated a search of the cell. (#13 at 5-6).

20  According to the First Amended Complaint, the female corrections officer initiating the search accused

21  Plaintiff of masturbating and reported this to her co-workers. (*Id.*)  In response, Plaintiff states that

22  Sergeant G. Robertson ordered that Plaintiff be handcuffed and removed from his cell. (*Id.* at 6).

23  Plaintiff alleges that he is an American with Disabilities Act ("ADA") inmate with a mobility impaired

24  sign on his cell door. (#13 at 7).  Once he was handcuffed, Robertson allegedly slammed Fisher into a

25  wall face-first and then threatened him. (*Id.* at 6-7).  Correctional Officer Terry Savage then pulled

26  Fisher from the room by the handcuffs and slammed Plaintiff into a wall and pulled upwards on

27  Plaintiff's handcuffed hands, which allegedly injured Plaintiff's back, shoulders, arms and hands. (*Id.*

28  at 7).  Savage allegedly ignored Plaintiff's explanation that he suffered from a chronic back condition.

1    (*Id.*)  The First Amended Complaint also states that Lieutenant R. Plainer spit in Plaintiff's face and

2    threatened his life while Correctional Officer F. Shelton watched.  (*Id.* at 7-8).  Plainer then put Plaintiff

3    into a small containment area where Plaintiff just had room to stand.  (*Id.*)  Fisher alleges that he was

4    confined in the small space for about eight (8) hours and that Plainer did not act upon Plaintiff's

5    complaints about standing due to his alleged disability and chronic back pain.  (*Id.* at 8).  Plaintiff states

6    that he was eventually transferred to administrative segregation.  (*Id.*)

7         Four months later, on April 15, 2007, Plaintiff was handcuffed and in the process of transporting

8    his property from administrative segregation by means of a sheet tied around his neck when

9    Correctional Officer W. Hanks allegedly assaulted him.  (*Id.* at 9).  Plaintiff states that Hanks pulled the

10   sheet forcefully from Fisher's neck.  (*Id.*)  When Fisher complained that he was being choked, Hanks

11   allegedly slammed Plaintiff to the ground and attacked him while Fisher remained handcuffed.  (*Id.*)

12   Based on these actions, Plaintiff claims that Defendants Shelton, Savage, Hanks, Robertson and Plainer

13   violated his Eighth Amendment rights[1] by assaulting him and showing deliberate indifference to his

14   welfare.  (#13).

15                                   **DISCUSSION**

16        In the process of discovery, Plaintiff served Defendants with Requests for Production of

17   Documents on May 31, 2010.  (#57 at 1).  Defendants responded to the discovery requests and asserted

18   various objections.  (*Id.*)  The Court will now examine the discovery requests at issue[2] and Defendants'

19   responses to determine whether Defendants should be compelled to supplement their responses.

20   . . .

21

22        [1] Plaintiff's First Amended Complaint contained additional claims that Defendants Wong,
     Jackson, Grannis, Roche, Felker, Amero, Smith, Richardson and Chrones's actions violated his Fourth,
23   Eighth and Fourteenth Amendment rights.  (#13).  These claims were dismissed by the Court for failure
     to state a claim upon which relief could be granted.  (#20).
24

25        [2] Plaintiff failed to attach the requests for production at issue to his motion to compel as required
     by Local Rule 250.3.  Where the original discovery requests at issue are not attached, the Court will
26   generally deny the motion to compel without prejudice and require the moving party to resubmit the
     motion with the proper attachments.  However, Defendants included the discovery requests at issue in
27   their response to the present motion.  The Court will rely on this information in order to analyze the
     discovery dispute before it.
28

                                        2

1    **Request for Production No. 1:**         Objection upheld as overbroad and unduly burdensome.

2          Plaintiff requests that Defendants produce records of any complaints or civil suits filed against

3    Defendants.  Defendants object to the request as overbroad.  Plaintiff's request is neither limited in time

4    or scope nor reasonably calculated to lead to the discovery of admissible evidence.  As a result, the

5    request is overbroad and unduly burdensome.  *See Freeland v. Sacramento City Police Dept.*, 2009 WL

6    545994 (E.D.Cal. March 4, 2009) (finding that requests for "any and all" documents, civil rights suits

7    and civil claims is overbroad and unduly burdensome).  Therefore the Court will uphold Defendants'

8    objection on the grounds that the request is overbroad.  As the Court has upheld this objection, it will

9    not address Defendants' additional objections.

10         **Request for Production No. 5:**         Denied without prejudice due to Defendants' supplement.

11         Plaintiff requests "[d]ocuments pertaining to training of officers at High Desert Prison

12   concerning conducting counts (institutional counts).  And/or the protocol of how to conduct counts."

13   (#57 at 3).  Defendants object to the request as compound, vague and ambiguous.  The Court agrees that

14   Plaintiff's phrasing is vague and unclear.  As a result, the Court will limit the request for production[3] to

15   the procedures at HDSP related to the conducting of institutional counts of prisoners.  Such a request is

16   limited in scope and reasonably calculated to lead to the discovery of admissible evidence.

17         However, the Court will not order Defendants to further respond to rephrased request for

18   production no. 5.  In responding to Plaintiff's motion to compel (#57), Defendants attached additional

19   documents in order to supplement their discovery responses without waiving their stated objections.

20   Included within these attachments is Department Operations Manual sections 52020.4.1 - 52020.8.10.

21   (#57-3 at 1-16).  The disclosure of these operations manual sections would appear to fully respond to

22   request for production no. 5 as limited by the Court.  As a result, the Court will deny without prejudice

23   Plaintiff's request and Defendants will not be required to further supplement their response.  If after

24

25   _____

26         [3] "It is within the discretion of a court ruling on a motion to compel to narrow the requests rather
     than sustain the responding party's objections to them in toto. In doing so, the court effectively sustains
27   an objection that the requests are vague, ambiguous or overbroad in part, and overrules it in part."
     *Green v. Baca*, 219 F.R.D. 485 (C.D.Cal. 2003) (citing *United States Environmental Protection Agency*
28   *v. Alyeska Pipeline Service Co.*, 836 F.2d 443, 448 (9th Cir.1988)).

1   reviewing this order and the defendants' supplement, Plaintiff still seeks additional relevant documents,

2   Plaintiff should request the specific documents from Defendants.  As the Court has denied Plaintiff's

3   request without prejudice, it will not address Defendants' objections.

4   **Request for Production No. 7:**        No further response required.

5   Plaintiff requests HDSP's administrative logs from January 10, 2007 that document when he

6   was placed in a cell and how long he was kept there.  (#57 at 4-5).  Defendants object to the request as

7   compound, vague and ambiguous and state that they are not in possession of any responsive documents.

8   (#57 at 4).  The Court will not require further response as Defendants have stated that they do not

9   possess any responsive documents and Plaintiff has offered no evidence to the contrary.

10   **Request for Production No. 8:**        Vague and ambiguous objections upheld.

11   Plaintiff requests "Documents of protocol of inmates entering Administrative Segregation."

12   (#57 at 5).  Defendants object to the request as unduly burdensome, vague and ambiguous.  The Court

13   agrees that Plaintiff's phrasing is vague and unclear.  It is unclear whether Plaintiff is requesting HDSP

14   procedures related to administrative transfers or the HDSP procedures for placement of an inmate in

15   segregation.  Defendants' objections as to the vagueness and ambiguity of the request are upheld and

16   Defendants are not required to further respond to this request.  As the Court has upheld these two

17   objections, it will not address Defendants' additional objections.

18   **Request for Production No. 9:**        Objections overruled.

19   Plaintiff requests that Defendants provide him with photographs of the "holding cage" in the

20   Program Office in the B-Facility at HDSP.  (#57 at 5).  Defendants object to the request as vague and

21   ambiguous because it does not state a specific time period for the requested photos and they argue that

22   the meaning of "holding cell" is ambiguous.  (*Id.*)  Defendants' vagueness objection as to time is not

23   well taken.  As Plaintiff has not identified a specific time period, it is clear that he is requesting

24   photographs of the "holding cell" as it exists today.  In addition, while Plaintiff's phrasing may not be

25   precise as to the term "holding cell," the Court finds that the request's language is specific enough for

26   Defendants to identify the holding area in the B-Facility of HDSP where Plaintiff was placed on

27   January 10, 2007.  As a result, the Court will overrule Defendants' vague and ambiguous objections.

28   . . .

1    Defendants also object to photographs of the holding cell being produced because disclosure

2    would present a threat to the security of the institution and the safety of staff and inmates.  (#57 at 5).

3    The California Code of Regulations allows for information "which would jeopardize the security of the

4    institution" to be classified as confidential.  15 CA ADC § 3321(a)(2).  However, state agents and

5    corrections institutions may not merely refuse to respond to discovery requests by raising the allegation

6    that a response would compromise the safety and security of the institution.  *See Jacobs v. Scribner*,

7    2009 WL 3157533, *3-*4 (E.D.Cal. Sept. 25, 2009) (partially overruling the defendants' objection to

8    producing confidential sections of the Department Operational Manual).  Defendants must sufficiently

9    demonstrate how allowing Plaintiff to view photographs of a holding cell that he was allegedly placed

10   in for hours would create a specific safety or security threat for the institution.  Defendants fail to do so.

11   (*See* #57).  In their opposition, Defendants recite the regulatory language that disclosure of the

12   photograph "presents a threat to the security of the institution and the safety of staff and inmates."

13   However, mere recitation of the regulatory standard without any further explanation is not enough for

14   the Court to find the photographs at issue to be confidential.  As Defendants have offered no description

15   as to how disclosure could pose a safety or security threat, the Court finds that Defendants have not met

16   their burden of showing that the photographs requested are confidential.  Therefore, Defendants'

17   confidentiality objection is overruled.

18   However, Defendants state that they are not in possession of any responsive photographs.

19   Plaintiff has not offered any evidence that calls Defendants' assertion into question.  Under normal

20   litigation conditions, where the defendants are not in possession of photographs responsive to the

21   plaintiff's request, the Court would order the parties to agree upon a time when Plaintiff would be able

22   to photograph the area at issue.  However, in this instance, the area in question is within a prison.

23   Additionally, as a prisoner, Plaintiff's movements are restricted and prison rules may prohibit Plaintiff

24   from possessing a camera.  Therefore, the Court finds it is reasonable to order that Defendants arrange

25   to photograph the holding cell in the Program Office in the B-Facility at HDSP and provide the

26   photograph to Plaintiff.

27   . . .

28   . . .

5

1    **Request for Production No. 10:**        Vague and ambiguous objections upheld.

2        Plaintiff requests photos of the inside of Building Two at HDSP, specifically "the entrance from

3    the inside of Building Two," photos of "each (3) sections of the cells" and a photo of the "view from

4    cell 207 to the entrance where correctional officer said she entered the building on January 10, 2007."

5    (#57 at 6).  Defendants object to the request as compound, vague and ambiguous.

6        The Court agrees that Plaintiff's phrasing is vague and ambiguous.  It is unclear from the

7    request what photographs Plaintiff is requesting.  In addition, Plaintiff's motion to compel merely

8    restates the language of his request for production without further explanation.  As such, it does not

9    offer any additional details to demonstrate that the descriptions of his requested photographs are not

10   vague and ambiguous.  Defendants' objections are upheld.

11   **Requests for Production No. 11-12:**        Plaintiff's requests are denied without prejudice.

12       Plaintiff requests "all findings" whether confidential or not from two specific Citizen Complaint

13   Log entries.  (#57 at 7-8).  Defendants asserted various objections to requests for production no. 11 and

14   12, but produced responsive documents with certain information redacted as confidential.  (*Id.*)

15   Plaintiff responds that these entries are "imperative" to his case and Defendants should produce

16   unredacted versions of the log entries.  (*Id.*)

17       In this instance, Defendants have disclosed responsive documents in good faith to Plaintiff,

18   redacting information that they deemed confidential.  By insisting that Defendants should produce an

19   unredacted version, Plaintiff implies that the redactions are improper or excessive.  However, Plaintiff

20   has offered no explanation to the Court about what evidence was redacted and Plaintiff failed to attach

21   the documents at issue for the Court to examine.  As a result, the Court does not have sufficient

22   information to evaluate the merits of Plaintiff's request for an unredacted version of the Citizen

23   Complaint Log entries.  Therefore, Plaintiff's requests will be denied without prejudice.

24   **Request for Production No. 14:**        Vague and ambiguous objections upheld.

25       Plaintiff requests documents "regarding inmates being released from Administration

26   Segregation on D-Facility" at HDSP and "protocol of release".  (#57 at 8-9).  Defendants object to the

27   phrase "protocol of release" as ambiguous and object to the request for documents regarding inmates

28   being released from administrative segregation as "vague" as to time.  (*Id.*)

1    The Court agrees that Plaintiff's phrasing is vague and ambiguous.  It is unclear from the
2    request what documents Plaintiff is requesting regarding the release of inmates from administrative
3    segregation or from what time period Plaintiff is seeking records.  As it is Plaintiff's burden in a
4    discovery request to specify the information sought, the Court will uphold Defendants' vagueness
5    objection.  In addition, it is not clear what specific procedures Plaintiff is requesting from Defendants.
6    The language is ambiguous and it is unclear whether Plaintiff seeks details regarding how HDSP
7    officers should physically remove a prisoner from segregation or the procedure for how HDSP
8    evaluates when prisoners should be released from administrative segregation.  As a result, Defendants'
9    objections are upheld.  As the Court has upheld these objections, it will not address Defendants'
10   additional objections.

11        In addition, the Court notes that Defendants attached additional documents to their response to
12   the present motion to compel as a supplement to their discovery responses without waiving their stated
13   objections.  (*See* #57).  Included within these attachments is HDSP Local Operational Plan No. 725.
14   (#57-3 at 19-21).  If after reviewing this order and the defendants' supplement, Plaintiff still seeks
15   additional relevant documents, Plaintiff should serve additional discovery requests on Defendants and
16   identify specific procedural documents.

17        **Request for Production No. 17:**      Vague and ambiguous objections upheld.

18        Plaintiff requests "medical training" documents related to "conducting medical searches and
19   clearances" and "filling out 7219 forms while inmates are checked". (#57 at 9).  Defendants objected to
20   the request as vague and ambiguous, but without waiving their objections, provided Plaintiff with a
21   responsive administrative regulation.

22        The Court agrees that Plaintiff's phrasing is vague and ambiguous in regards to the term
23   "medical searches and clearances".  In his motion to compel, Plaintiff does not provide further
24   explanation as to the meaning of this phrase.  He merely restates his original request for production
25   language verbatim.  Therefore, Defendants' vague and ambiguous objections as to the phrase "medical
26   searches and clearances" are upheld.  Defendants are not required to further respond to this request.  As
27   the Court has upheld these objections, it will not address Defendants' additional objections.
28   . . .

7

1     **Request for Production No. 18:**    Overbroad and not relevant objections upheld.

2     Plaintiff requests "any statistics" related to indecent exposure offenses at HDSP, specifically

3 statistics broken down by the race of the offender and how many offenders had prior convictions for

4 indecent exposure. (#57 at 9-10). Defendants object to the request as overbroad and not likely to lead

5 to the discovery of relevant evidence. (*Id.*)

6     The Court agrees that the request is overbroad as it is not limited to a specific time period. In

7 addition, Plaintiff has failed to demonstrate how statistics related to indecent exposure offenses are

8 relevant to his claim that Defendants violated his Eighth Amendment rights through alleged physical

9 abuse and a lengthy detention where he was forced to stand without concern for his disability.

10 Therefore, Defendants' objections will be upheld. Defendants are not required to further respond to this

11 request. As the Court has upheld these objections, it will not address Defendants' additional objections.

12 Accordingly,

13     **IT IS ORDERED** that Plaintiff's Motion for an Order Compelling Discovery (#54) is **granted**

14 **in part** and **denied in part** as follows:

15     1.    Defendants shall substantively respond to request for production no. 9 on or before

16            **January 31, 2011**;

17     2.    Defendants are not required to further respond to request for production no. 7;

18     3.    Defendants' objections are upheld for requests for production no. 1, 8, 10, 14, 17 and 18

19            and Defendants are not required to further respond to these requests; and

20     4.    Plaintiff's requests for production no. 5, 11 and 12 are denied without prejudice.

21     DATED this 5th day of January, 2011.

22

23                          *George Foley Jr.*

24                          GEORGE FOLEY, JR.
                            United States Magistrate Judge

25

26

27

28