**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

\* \* \*

| | |
|---|---|
| AL GENE FISHER, | 2:07-CV-02271- PMP-GWF |
| Plaintiff, | **ORDER** |
| vs. | |
| T. FELKER, et al., | |
| Defendants. | |

Before the Court for consideration is Defendants' Motion for Summary Judgment (Doc. #62) filed January 28, 2011.  In support of their motion, Defendants contend that no genuine issues of material fact exist that (1) Plaintiff Fisher suffered no injury when he was removed from his cell on January 10, 2007; (2) that Defendants Robertson and Savage did not use excessive force on Fisher on January 10, 2007; (3) that Defendants Plainer and Shelton were not aware of a substantial risk of serious harm to Plaintiff; (4) that Plaintiff has failed to exhaust his administrative remedies related to the April 15, 2007 incident before filing this action against Defendant Hanks; and, (5) that all Defendants are entitled to qualified immunity.  The Court finds Defendants' motion for summary judgment should be granted.

1    The Parties have had ample time to conduct discovery in this case.  Indeed, although Plaintiff filed a Second Request For Production of Documents and Motion to Compel (Doc. #65) on February 7, 2011, it is clear from Defendants' Response thereto (Doc. #68) that all pertinent documents at issue in this case have been produced.  Nonetheless, Plaintiff has failed to file a substantive response to Defendants' motion for summary judgment, and instead has filed a document titled "Motion for Denial of Defendants' Motion for Summary Judgment/or Continuance to Complete Discovery" (Doc. #66).  Plaintiff, however, has failed to set forth good cause why he is unable to substantively respond to Defendants' motion for summary judgement or that additional time to respond to Defendants' motion for summary judgment which was filed nearly two months ago is warranted.  Simply put, the record is devoid of facts giving rise to a genuine issue of material fact regarding any of Plaintiff's claims against Defendants.

   Specifically, Plaintiff has failed to cite evidence in support of his claim that excessive force was used against him by Defendants Shelton, Robertson or Savage when Plaintiff was removed from his cell on January 10, 2007.  Additionally, Plaintiff has failed to present evidence creating a genuine issue of material fact that Defendant Shelton witnessed an alleged use of excessive force by Defendant Savage and Robertson, and was deliberately indifferent by failing to intervene at that time.  Neither has Plaintiff presented evidence demonstrating a genuine issue of material fact that Defendant Plainer was deliberately indifferent to Plaintiff's conditions of confinement while detained in a holding cell.  Additionally, Plaintiff has failed to present evidence establishing a genuine issue of material fact that Defendant Hanks used excessive force against Plaintiff on April 15, 2007, when Defendant Hanks tried to search Plaintiff's property and thereafter subdued Plaintiff.  Indeed, the record before the Court shows that Defendant Hanks used only the

amount of force necessary to gain compliance with his direct orders and to restore discipline.  Moreover, the record clearly establishes that Plaintiff failed to exhaust his administrative remedies with respect to the incident allegedly occurring on April 15, 2007.

Finally, the Court finds that Defendants are entitled to qualified immunity because their alleged conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  <u>Pearson v. Callahan</u> 555 U.S. 223 (2009).

**IT IS THEREFORE ORDERED that** Defendants' Motion for Summary Judgment (Doc. #62) is **GRANTED** and that judgment is hereby entered in favor of each of the Defendants and against Plaintiff.

**IT IS FURTHER ORDERED that** Plaintiff's Second Request for Production of Documents and Motion to Compel (Doc. #65) is **DENIED**.

**IT IS FURTHER ORDERED that** a Certificate of Appealability is **DENIED**.

DATED: March 23, 2011.

PHILIP M. PRO
United States District Judge